UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JACKIE ANDERSON, on his own behalf and
on behalf of those similarly situated                                                    PLAINTIFF

V.                                                                   CIVIL ACTION NO. 3:12CV272 DPJ-FKB

ANGS GROUP, INC. d/b/a HUDDLE HOUSE;
SUKHDEV S. THIND, Individually; and
BOB THIND, Individually                                                                  DEFENDANTS

ORDER

This wage dispute is before the Court on motion of the individual defendants, Sukhdev and Bob Thind, for partial summary judgment [10]. For the reasons explained below, the Court finds the motion should be denied.

I.      Facts and Procedural History

Plaintiff Jackie Anderson filed this action against Angs Group, Inc. d/b/a Huddle House and the Thinds seeking unpaid wages and overtime pursuant to the Fair Labor Standards Act (FLSA). Initially, the Thinds argued Plaintiff's claims should be dismissed because they are not individually liable for the debts of Angs Group, Inc. pursuant to the Mississippi Limited Liability Company Act. Miss. Code Ann. § 79-29-311. In Response, Anderson pointed out that (1) the FLSA preempts the Mississippi statutes on which Defendants rely and (2) it is well-established that individuals who are involved in hiring, firing, scheduling, and other day-to-day operations are considered "employers" under the FLSA. *See generally Gray v. Powers*, 673 F.3d 352, 354–5 (5th Cir. 2012).

In Reply, the Thinds backpedal a bit, acknowledging that an individual can be liable under the FLSA and conceding that Bob Thind qualifies as an employer. But the Thinds

maintain that Plaintiff's claims against Sukhdev Thind fail because he was not involved in supervising the Huddle House employees. Anderson filed a motion to strike [19] the Reply, or alternatively for leave to file a sur-reply [20], to address Defendants' new arguments.

Under the circumstances, the Court finds that a sur-reply is appropriate and considered the proposed sur-reply attached to the motion. Having considered the submissions of the parties, the Court finds that the presence of disputed facts precludes entry of partial summary judgment.

II.     Summary Judgment Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the court may "not make credibility

determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

III. Analysis

Anderson insists that Sukhdev Thind is an employer under the FLSA due to his involvement in the operation of the Huddle House. To determine if Sukhdev Thind qualifies as an "employer" under the FLSA, the Court considers whether he "'(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Gray*, 673 F.3d at 355 (quoting *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)). "The question of whether a defendant is an employer under the FLSA is a mixed question of law and fact, with the existence and degree of each relevant factor lending itself to factual determinations." *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 393 (E.D.N.Y. 2012); *see also Parker v. ABC Debt Relief, Ltd. Co.*, Civ. Action No. 3:10-CV-1332-P, 2013 WL 371573, at *3 (N.D. Tex. Jan. 28, 2013) (noting the determination is a question of law where the material facts are undisputed).

Before the Court are two affidavits. First, Sukhdev Thind categorically denies that he has any control over employee schedules, work conditions, pay, or records. Affidavit of Sukhdev S. Thind, Defs.' Reply [17], Ex. A. He further states he is not involved in hiring, firing, or "operational control." *Id.* Anderson, on the other hand, attests that both Sukhdev and Bob Thind supervised his employment. Declaration of Jackie Anderson, Pl.'s Sur-Reply [20-1], Ex. A. He explains that both individuals managed his work schedule, made decisions related to his rate of pay, hired and fired employees, and "controlled the operations and finances of Huddle House

3

throughout [his] employment." *Id.* Clearly, the two affidavits present conflicting evidence. Therefore, the disputed fact issues as to Sukhdev Thind's involvement preclude summary judgment.

IV.     Conclusion

The Court finds Defendants' motion for partial summary judgment [10] should be denied; Plaintiff's motion to strike [19] should also be denied; and Plaintiff's alternative motion for leave to file a sur-reply [20] should be granted.

**SO ORDERED AND ADJUDGED** this the 6th day of February, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE